1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IVAN L. MENDEZ,

            Plaintiff,

        vs.

MY EX EMPLOYER, et al.,

            Defendants.

Case No. CV 11-5019-JFW (DTB)

ORDER TO SHOW CAUSE

Plaintiff, a prisoner currently incarcerated at the James T. Vaughn Correctional Center located in Smyrna, Delaware, lodged for filing a pro se complaint herein on June 14, 2011. Plaintiff's Complaint was handwritten and was not submitted on the Central District of California's Civil Rights Complaint form (CV-66). Plaintiff failed to pay the filing fee or file with the Court a request to proceed in forma pauperis. As such, on July 14, 2011, the Court issued an Order re Leave to File Action Without Prepayment of Filing Fee wherein the Court denied plaintiff in forma pauperis status due to plaintiff's failure to adequately demonstrate indigency and for failing to authorize disbursements from his prison trust account for payment of the filing fee, and dismissed the Complaint with leave to amend. Thereafter, on July 25, 2011, plaintiff filed a Request to Proceed Without Prepayment of Filing Fees With

1

Declaration in Support.  On August 4, 2011, the Court granted plaintiff leave to proceed in forma pauperis.  Plaintiff's handwritten Complaint was filed in this action on August 5, 2011.  As plaintiff's Complaint was not submitted on the approved Central District Civil Rights Complaint form, plaintiff did not provide the Court with his previous Federal lawsuit history.  In accordance with the terms of the "Prison Litigation Reform Act of 1995," the Court screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b).  On August 8, 2011, the Court struck the filing of the Complaint from the docket and reminded plaintiff that his Complaint was previously dismissed with leave to amend and that his First Amended Complaint was due on or before September 2, 2011.  Plaintiff failed to file his First Amended Complaint within the allotted time, nor did he request an extension of time within which to do so.  On November 1, 2011, the Court issued an Order to Show Cause ordering plaintiff to show cause as to why the Court should not order the action dismissed due to his failure to timely file his First Amended Complaint.  Plaintiff failed to timely file a response to the Order to Show Cause, and did not request an extension of time within which to do so.  However, on December 12, 2011, in Case No. CV11-4934-JFW (DTB), which is also pending before this Court,[1] plaintiff filed a document entitled "Notice of Filing" wherein he attached correspondence and docket sheets referencing seven cases he had previously filed in other various United States District Courts, including the Districts of Utah, Iowa, Arizona, Idaho, Alaska, South Dakota and Texas.   The Court subsequently referenced the docket sheets in these cases, and ascertained that plaintiff has previously filed numerous federal lawsuits in a variety of federal judicial districts,

_____

[1]     Plaintiff currently has 9 cases pending in this District, and in each case, plaintiff states his inmate identification number as 453351.

2

and that in at least five (5) of these prior cases, courts have dismissed plaintiff's actions on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. Specifically, the Court discovered the following: (1) In Mendez v. United States Justice System, 04-CV-898-JJF (D. Del. March 30, 2005 Order) the action was dismissed after the court found that the complaint was frivolous (see Exhibit "A" attached hereto); (2) in Mendez v. James T. Vaughn Correctional Center, 05-CV-303-JJF (D. Del., Dec. 1, 2005 Order ) the action was dismissed after the court found plaintiff could not state a claim and noted that plaintiff's allegations were "vague, unspecified and rise to the level of the wholly irrational" (see Exhibit "B" attached hereto); (3) in Mendez v. Delaware Legal System, 05-CV- 304-JJF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding plaintiff could not state a claim and noted that "plaintiff's allegations are nonsensical" (see Exhibit "C" attached hereto); (4) in Mendez v. Delaware State, 05-CV-305-JFF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding plaintiff could not state a claim (see Exhibit "D" attached hereto); and (5) in Mendez v. Delaware Psychiatric Center, 05-CV-306-JJF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding that plaintiff could not state a claim (see Exhibit "E" attached hereto). See also Mendez v. Kemp, 08-CV-443-JJF (D. Del. July 30, 2009 Order) (citing four of plaintiff's previous cases as strikes pursuant to 28 U.S.C. § 1915(g) and dismissing case pursuant to § 1915(g)); see also Mendez v. One of the Connected Wired Members of this Criminal Organization, 10- CV-142-JP (E.D. Pa. Jan. 22, 2010 Order) (same). In each of the cases cited herein, plaintiff alleged that he was incarcerated at the time the action was filed.

Pursuant to the Prison Litigation Reform Action, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that

/ / /

1  was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

2  upon which relief may be granted." 28 U.S.C. § 1915(g).

3        Accordingly, on or before **January 27, 2012**, plaintiff is ORDERED to show

4  cause as to why the order granting him in forma pauperis status in this matter should

5  not be vacated, and that the action dismissed without prejudice pending payment of

6  the full filing fee of $350.00.

7

8  DATED: December 27, 2011

9

10

11

12  DAVID T. BRISTOW
     UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L.. MENDEZ,                        )
                                        )
              Plaintiff,                )
                                        )
v.                                      )   Civ. No. 04-898-JJF
                                        )
U.S. JUSTICE SYSTEM, DELAWARE           )
STATE, ALL OF THIS CRIMINAL             )
ORGANIZATION WORKERS, ALL OF            )
THIS CRIMINAL ORGANIZATION              )
JOINERS (INMATES),and ALL OF            )
THE PEOPLE THAT ALL OF THE DOJ          )
KNOW IT,                                )
                                        )
              Defendants.               )

### MEMORANDUM AND ORDER

Plaintiff Ivan L. Mendez, SBI # 453351, is a pro se litigant who is presently incarcerated at the Delaware Psychiatric Center in New Castle, Delaware.  Plaintiff filed this action pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### I.  STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process.  First, the Court must determine whether Plaintiff is eligible for pauper status.  On August 16, 2004, the Court granted Plaintiff leave to proceed in forma pauperis, determined that he had no assets with which to pay the filing fee and ordered him to file an authorization form within thirty days,

or the case would be dismissed.  Plaintiff filed the required
authorization form on August 24, 2004.  Plaintiff also filed a
second motion for leave to proceed _in forma pauperis_.  (D.I. 6)
Because the Court has already granted Plaintiff's request for
leave to proceed _in forma pauperis_, the motion filed on August
24, 2004 shall be denied as moot.

Once the pauper determination is made, the Court must then
determine whether the action is frivolous, malicious, fails to
state a claim upon which relief may be granted or seeks monetary
relief from a defendant immune from such relief pursuant to 28
U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the Court finds that
Plaintiff's complaint falls under any of the exclusions listed in
the statutes, then the Court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§
1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of
review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v.
Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838
(E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as

---

[1]  These two statutes work in conjunction.  Section
1915(e)(2)(B) authorizes the court to dismiss an _in forma
pauperis_ complaint at any time, if the Court finds the complaint
is frivolous, malicious, fails to state a claim upon which relief
may be granted or seeks monetary relief from a defendant immune
from such relief.  Section 1915A(a) requires the Court to screen
prisoner complaints seeking redress from governmental entities,
officers or employees before docketing, if feasible and to
dismiss those complaints falling under the categories listed in
§ 1915A(b)(1).

2

appropriate standard for dismissing claims under § 1915A). Thus, the Court must "accept as true factual allegations in complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id. As discussed below, Plaintiff's complaint has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

_____

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

## II.  DISCUSSION

### A.  The Complaint

Although the complaint is difficult to read, Plaintiff appears to be alleging that the "U.S. Justice System", the State of Delaware, and certain inmates, whom he vaguely identifies as "joiners" are members of a "Criminal Organization."  (D.I. 2 at 3)  Furthermore, Plaintiff appears to be alleging that this "Criminal Organization" has subjected him to "physical, verbal, emotional and psychological abuse."  (Id.)  Plaintiff further alleges the Defendants are going to keep abusing him and "attempting to kill [him] in order to complete their widely spreading plot to kill [him] and get that money."  (Id.)  Plaintiff requests "justice" for all of the many abuses he has suffered.  (Id. at 4)  The Court construes this as a request for compensatory damages.  Plaintiff further requests that if the Defendants are going to keep abusing him, that they "please don't hurt or kill [his] loved ones in case that all this criminal organization workers and joiners got caught again on the video cameras..."  (Id.)

### B.  Analysis

Plaintiff alleges that the "U.S. Justice System" and the State of Delaware along with certain unidentified inmates are members of a "Criminal Organization" which has violated his constitutional rights by subjecting him to abuse, and by

4

participating in a "widely spreading plot to kill [him] and get

that money." (D.I. 2 at 3)  Furthermore, Plaintiff appears to be

alleging that the Defendants have threatened to harm his family.

(Id. at 3-4)  The Supreme Court has defined the term frivolous as

not only the inarguable legal conclusion, but also the fanciful

factual allegation. Neitzke, 490 U.S. at 325.  A fanciful

factual allegation is one describing scenarios clearly removed

from reality.  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir.

1990)(citing, Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir.

1990)).  The Supreme Court further clarified the meaning of a

fanciful factual allegation stating:

> a finding of factual frivolousness is
> appropriate when the facts alleged rise
> to the level of the *irrational or the*
> *wholly incredible,* whether or not there
> are judicially noticeable facts available
> to contradict them.  Denton v. Hernandez,
> 504 U.S. 25, 33 (1992) *(emphasis added)*.

Consequently, the Court can "pierce the veil of the

complaint's factual allegations" to weigh their credibility.

Id., at 33.  In this instance, Plaintiff has not provided the

Court with any specific information regarding the dates and times

of the alleged "physical, verbal, emotional or psychological"

abuse he has allegedly endured.  Furthermore, Plaintiff alleges

the Defendants are engaged in a "wide spreading plot to kill

[him] to get that money." (D.I. 2 at 3)  Clearly, Plaintiff's

claim that "the U.S. Justice System," the State of Delaware, and

unidentified inmates are involved in a plot to kill him rises to
the level of the wholly irrational. Therefore, the Court finds
that the complaint is frivolous within the meaning of 28 U.S.C.
§§ 1915(e)(2)(B)-1915A(b)(1), and must be dismissed.

NOW THEREFORE, this 3O day of March, 2005, IT IS
HEREBY ORDERED that:

1. Plaintiff's second motion to proceed in forma pauperis
(D.I. 6) is denied as moot.

2. Plaintiff's complaint shall be DISMISSED as frivolous
pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

UNITED STATES DISTRICT JUDGE

6

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                        :
                                       :
               Plaintiff,              :
                                       :
     v.                                : Civ. Act. No. 05-303-JJF
                                       :
DELAWARE CORRECTIONAL CENTER,          :
                                       :
               Defendant.              :

### MEMORANDUM ORDER

Plaintiff, Ivan L. Mendez, a pro se litigant, has filed the
above-captioned action pursuant to 42 U.S.C. § 1983. Plaintiff
alleges unspecified physical, emotional, verbal and psychological
abuse and discrimination and states "all of you know it very well
detailed." Plaintiff also states that "once again some got
caught on the video cameras tape recorded from 11/17/03 to
05/17/04 where you can see it all and hear every single word."

Having granted Plaintiff leave to proceed in forma pauperis,
the Court must next screen the Complaint pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1) to determine whether it is
frivolous, malicious, fails to state a claim upon which relief
may be granted, or seeks monetary relief from a defendant immune
from relief. In conducting this review, the Court must "accept
as true the factual allegations in the complaint and all
reasonable inferences that can be drawn therefrom." Nami v.
Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The term "frivolous" as
used in Section 1915, "embraces not only the inarguable legal
conclusion, but also the fanciful factual allegation." Neitzke

v. Williams, 490 U.S. 319, 325 (1989).

The Court has reviewed the allegations of Plaintiff's Complaint and concludes that Plaintiff cannot state a claim. Plaintiff acknowledges that he has filed other lawsuits based on this claim.  In Civil Action No. 04-898-JJF, Plaintiff alleged that the U.S. Justice System, the State of Delaware and certain inmates were members of a "Criminal Organization" that subjected him to physical, verbal emotional and psychological abuse.  The Court dismissed Plaintiff's Complaint as frivolous, because his allegations were unspecified and wholly irrational.  Like his previously filed Complaint, Plaintiff's allegations in this action are vague, unspecified and rise to the level of the wholly irrational.  In addition, the Court concludes that the Delaware Correctional Center is immune from suit under the Eleventh Amendment, because it is run by the Department of Correction, an agency, arm or instrumentality of the State of Delaware, and the State of Delaware has not waived its immunity.  Laboy v. Delaware Correctional Center, 2003 WL 1697542, *1-2 (D. Del. Mar. 21, 2003).

NOW THEREFORE, IT IS HEREBY ORDERED this _l_ day of December 2005, that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).


UNITED STATES DISTRICT JUDGE

**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                           :
                                          :
                 Plaintiff,               :
                                          :
     v.                                   : Civ. Act. No. 05-304-JJF
                                          :
DELAWARE LEGAL SYSTEM,                    :
                                          :
                 Defendant.               :

## MEMORANDUM ORDER

Plaintiff, Ivan L. Mendez, a pro se litigant, has filed the
above-captioned action pursuant to 42 U.S.C. § 1983. Though
largely unintelligible, Plaintiff appears to allege that he was
injured by several legal decisions resulting in the appointment
of an attorney and his commitment to the Delaware Psychiatric
Center.

Having granted Plaintiff leave to proceed in forma pauperis,
the Court must next screen the Complaint pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1) to determine whether it is
frivolous, malicious, fails to state a claim upon which relief
may be granted, or seeks monetary relief from a defendant immune
from relief. In conducting this review, the Court must "accept
as true the factual allegations in the complaint and all
reasonable inferences that can be drawn therefrom." Nami v.
Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The term "frivolous" as
used in Section 1915, "embraces not only the inarguable legal
conclusion, but also the fanciful factual allegation." Neitzke
v. Williams, 490 U.S. 319, 325 (1989).

The Court has reviewed the allegations of Plaintiff's Complaint and concludes that Plaintiff cannot state a claim.  As a factual matter, Plaintiff's allegations are nonsensical.  As a legal matter, actions taken by Delaware judges through the Delaware court system are protected from suit by absolute judicial immunity.  <u>Gallas v. Supreme Court of Pennsylvania</u>, 211 F.3d 760, 768-69 (3d Cir. 2000).

NOW THEREFORE, IT IS HEREBY ORDERED this _1_ day of December 2005, that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

_____
UNITED STATES DISTRICT JUDGE

2

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                          :
                                         :
                 Plaintiff,              :
                                         :
       v.                                : Civ. Act. No. 05-305-JJF
                                         :
DELAWARE STATE,                          :
                                         :
                 Defendant.              :

### MEMORANDUM ORDER

Plaintiff, Ivan L. Mendez, a pro se litigant, has filed the above-captioned action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he suffered broken and braced legs and makes conclusory and vague allegations of discrimination and verbal, emotional and psychological abuse.

Having granted Plaintiff leave to proceed in forma pauperis, the Court must next screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from relief.  In conducting this review, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  The term "frivolous" as used in Section 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court has reviewed the allegations of Plaintiff's

Complaint and concludes that Plaintiff cannot state a claim. The
State of Delaware is not a "person" within the meaning of Section
1983, and the State has not waived its sovereign immunity under
the Eleventh Amendment. Arnold v. Minner, 2005 WL 1501514, *4
(D. Del. June 24, 2005). Accordingly, the Court concludes that
Plaintiff's law suit against the State of Delaware is barred by
the Eleventh Amendment.

NOW THEREFORE, IT IS HEREBY ORDERED this / day of December
2005, that Plaintiff's Complaint is **DISMISSED** pursuant to 28
U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

UNITED STATES DISTRICT JUDGE

**EXHIBIT "E"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                      :
                                     :
              Plaintiff,             :
                                     :
    v.                               : Civ. Act. No. 05-306-JJF
                                     :
DELAWARE PSYCHIATRIC CENTER,         :
                                     :
              Defendant.             :

### MEMORANDUM ORDER

Plaintiff, Ivan L. Mendez, a pro se litigant, has filed the
above-captioned action pursuant to 42 U.S.C. § 1983.  Plaintiff
alleges that he was forced to take drugs, precluded from sending
more than five legal letters per week, and was not given
medication prescribed to him by the St. Francis Hospital.
Plaintiff also contends that x-rays depicting his broken legs
were not sent to the Delaware Correctional Center.  Throughout
his Complaint, Plaintiff also states that "all of you know it
very well detailed."

Having granted Plaintiff leave to proceed in forma pauperis,
the Court must next screen the Complaint pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1) to determine whether it is
frivolous, malicious, fails to state a claim upon which relief
may be granted, or seeks monetary relief from a defendant immune
from relief.  In conducting this review, the Court must "accept
as true the factual allegations in the complaint and all
reasonable inferences that can be drawn therefrom."  Nami v.
Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  The term "frivolous" as

used in Section 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The Court has reviewed the allegations of Plaintiff's Complaint and concludes that Plaintiff cannot state a claim. The Delaware Psychiatric Center (the "DCP") is operated by the State of Delaware through the Division of Substance Abuse and Mental Health, a part of Delaware Health and Human Services. Because the DCP is run by an agency, arm or instrumentality of the State, and the State has not waived its immunity, the Court concludes that Plaintiff's claim for damages against the DCP is barred by the Eleventh Amendment. <u>See Dunsmore v. Norristown State Hospital (Regional Forensic Psychiatric Center)</u>, 1991 WL 133428 (E.D. Pa. July 16, 1991) (holding that state hospital is not a "person" within the meaning of Section 1983, because it is an agency of the state); <u>cf. Laboy v. Delaware Correctional Center</u>, 2003 WL 1697542, *1-2 (D. Del. Mar. 21, 2003) (concluding that state prison is immune from suit under the Eleventh Amendment because it is run by a department of the State).

NOW THEREFORE, IT IS HEREBY ORDERED this ⁄ day of December 2005, that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

UNITED STATES DISTRICT JUDGE

2