O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN L. MENDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MY EX EMPLOYER, et al.,<br><br>Defendants. | Case No. CV 11-5019-JFW (DTB)<br><br>ORDER SUMMARILY DISMISSING ACTION |

Plaintiff, a prisoner currently incarcerated at the James T. Vaughn Correctional Center located in Smyrna, Delaware, lodged for filing a pro se complaint herein on June 14, 2011. Plaintiff's Complaint was handwritten and was not submitted on the Central District of California's Civil Rights Complaint form (CV-66). Plaintiff failed to pay the filing fee or file with the Court a request to proceed in forma pauperis. As such, on July 14, 2011, the Court issued an Order re Leave to File Action Without Prepayment of Filing Fee wherein the Court denied plaintiff in forma pauperis status due to plaintiff's failure to adequately demonstrate indigency and for failing to authorize disbursements from his prison trust account for payment of the filing fee, and dismissed the Complaint with leave to amend. Thereafter, on July 25, 2011, plaintiff filed a Request to Proceed Without Prepayment of Filing Fees With

1   Declaration in Support.  On August 4, 2011, the Court granted plaintiff leave to
2   proceed in forma pauperis.  Plaintiff's handwritten Complaint was filed in this action
3   on August 5, 2011.  As plaintiff's Complaint was not submitted on the approved
4   Central District Civil Rights Complaint form, plaintiff did not provide the Court with
5   his previous federal lawsuit history.  In accordance with the terms of the "Prison
6   Litigation Reform Act of 1995," the Court screened the Complaint prior to ordering
7   service, for purposes of determining whether the action was frivolous or malicious;
8   or failed to state a claim on which relief might be granted; or sought monetary relief
9   against a defendant who was immune from such relief.  See 28 U.S.C. §§ 1915(e)(2),
10  1915A(b).  On August 8, 2011, the Court struck the filing of the Complaint from the
11  docket and reminded plaintiff that his Complaint was previously dismissed with leave
12  to amend and that his First Amended Complaint was due on or before September 2,
13  2011. Plaintiff failed to file his First Amended Complaint within the allotted time, nor
14  did he request an extension of time within which to do so.  On November 1, 2011, the
15  Court issued an Order to Show Cause ordering plaintiff to show cause as to why the
16  Court should not order the action dismissed due to his failure to timely file his First
17  Amended Complaint.  Plaintiff failed to timely file a response to the Order to Show
18  Cause, and did not request an extension of time within which to do so.

19         On December 16, 2011, plaintiff filed a document entitled "Notice of Receiving
20  and Consideration" wherein plaintiff requested "an extension of time on the seven
21  transactions pending . . . regarding to the order . . . (11/15/2011)."  The November 15,
22  2011 document was the Court's Notice of Document Discrepancy rejecting plaintiff's
23  proposed First Amended Complaint as the same referenced seven case numbers.
24  Plaintiff was advised that any documents filed with the Court must be filed separately
25  in each action.
26  / / /
27  / / /
28  / / /

1   However, on December 12, 2011, in Case No. CV11-4934-JFW (DTB), which

2   is also pending before this Court,[1] plaintiff filed a document entitled "Notice of

3   Filing" wherein he attached correspondence and docket sheets referencing seven cases

4   he had previously filed in other various United States District Courts, including the

5   Districts of Utah, Iowa, Arizona, Idaho, Alaska, South Dakota and Texas.

6   Pursuant to the Prison Litigation Reform Act, a prisoner shall not be authorized

7   pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without

8   payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while

9   incarcerated or detained in any facility, brought an action . . . that

10   was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

11   upon which relief may be granted."  28 U.S.C. § 1915(g).

12   Thereafter, on December 27, 2011, the Court issued an Order to Show Cause

13   ("OSC") ordering plaintiff to show cause as to why the order granting him in forma

14   pauperis status in this matter should not be vacated, and that the action be dismissed

15   without prejudice pending payment of the full filing fee of $350.00, in light of the

16   information regarding plaintiff's prior "strikes" under 28 U.S.C. § 1915(g).

17   The Court informed plaintiff in the OSC that it had ascertained that plaintiff had

18   previously filed numerous federal lawsuits in a variety of federal judicial districts, and

19   that, in at least five (5) of these prior cases, courts had dismissed plaintiff's actions on

20   the grounds that the complaints were frivolous, malicious, or failed to state a claim

21   upon which relief may be granted.  Specifically, the Court noted  the following: (1)

22   In Mendez v. United States Justice System, 04-CV-898-JJF (D. Del. March 30, 2005

23   Order) the action was dismissed after the court found that the complaint was frivolous;

24   (2) in Mendez v. James T. Vaughn Correctional Center, 05-CV-303-JJF (D. Del., Dec.

25   1, 2005 Order) the action was dismissed after the court found plaintiff could not state

26

27   [1]   Plaintiff currently has 9 cases pending in this District, and in each

28   case, plaintiff states his federal inmate identification number as 453351.

1   a claim and noted that plaintiff's allegations were "vague, unspecified and rise to the
2   level of the wholly irrational"; (3) in <u>Mendez v. Delaware Legal System</u>, 05-CV- 304-
3   JJF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding plaintiff
4   could not state a claim and noted that "plaintiff's allegations are nonsensical"; (4) in
5   <u>Mendez v. Delaware State</u>, 05-CV-305-JFF (D. Del., Dec. 1, 2005 Order) the court
6   dismissed the action after finding plaintiff could not state a claim; and (5) in <u>Mendez</u>
7   <u>v. Delaware Psychiatric Center</u>, 05-CV-306-JJF (D. Del., Dec. 1, 2005 Order) the
8   court dismissed the action after finding that plaintiff could not state a claim.  <u>See also</u>
9   <u>Mendez v. Kemp</u>, 08-CV-443-JJF (D. Del. July 30, 2009 Order) (citing four of
10  plaintiff's previous cases as strikes pursuant to 28 U.S.C. § 1915(g) and dismissing
11  case pursuant to § 1915(g)); <u>see also</u> <u>Mendez v. One of the Connected Wired</u>
12  <u>Members of this Criminal Organization</u>, 10- CV-142-JP (E.D. Pa. Jan. 22, 2010
13  Order) (same).  In each of the cases cited herein, plaintiff alleged that he was
14  incarcerated at the time the action was filed.   The Court attached as exhibits to the
15  OSC copies of the orders of dismissals from each of the above-referenced cases.

16        On January 19, 2012 plaintiff filed his Response to the OSC.  The Response
17  was virtually impossible to decipher, and essentially failed to address the facts raised
18  by the Court in the OSC.  For example, plaintiff stated "please do not dismiss this
19  action, is [sic] because . . . my ex-employer Mr. Freddie Congote was found guilty and
20  on possession of the items, things and others that I am requesting back on my
21  complaint."  (Response at 1.)  Plaintiff attached to his Response the Court's OSC
22  along with the exhibits thereto showing the five prior cases which were dismissed
23  pursuant to 28 U.S.C. § 1915(g).

24        The Court, after reviewing plaintiff's Response, found that plaintiff had failed
25  to show cause as to why his in forma pauperis status in this matter should not be
26  revoked pursuant to §1915(g), as plaintiff has had, on at least five prior occasions,
27  while incarcerated, brought an action that was dismissed on the grounds that it was
28  frivolous or because it failed to state a claim upon which relief could be granted.

1   Accordingly, in an order dated February 1, 2012, the Chief District Judge revoked
2   plaintiff's in forma pauperis status, and ordered him to pay the full filing fee of
3   $350.00 on or before February 10, 2012.  Plaintiff was admonished that his failure to
4   pay the full $350.00 filing fee by February 10, 2012, could result in this action being
5   dismissed without prejudice pending payment of the full filing fee.

6        As plaintiff has failed to pay the full filing fee of $350.00, within the time
7   allotted, the Court hereby DISMISSES this action, without prejudice, pending
8   payment of the full filing fee.

9        LET JUDGMENT BE ENTERED ACCORDINGLY.

10

11  DATED:  March 5, 2012                                                    JOHN
                                   F. WALTER
12                                          UNITED STATES DISTRICT JUDGE

13

14
    Presented by:
15

16

17  David T. Bristow
    United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28